UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY EUGENE WILLIAMS, JR

v.  Case No.: 8:14-cv-1191-T-24-EAJ
    8:12-cr-518-T-24-EAJ

UNITED STATES OF AMERICA

_____/

## ORDER

This cause comes before the Court on Petitioner Anthony Eugene Williams' motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 47). The government filed a response in opposition, and Petitioner filed a reply to the government's response. (CV Doc. Nos. 6, 7). Upon review, the Court denies Petitioner's § 2255 motion.

**I.   Background**

On December 4, 2012, a federal grand jury indicted Petitioner on three counts. (CR Doc. No. 1). Count One charged Petitioner with possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); Count Two with the possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Three with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CR Doc. No. 1).

On February 1, 2013, the government filed a notice and information pursuant to 21 U.S.C. § 851 stating that Petitioner was subject to enhanced penalties on Count One based on prior felony drug convictions. The prior convictions, all of which were more than five years old, included:

(1) On or about May 13, 1993, Petitioner was convicted in Florida state court of possession of cocaine with intent to see or deliver;

(2) On or about November 4, 1996, Petitioner was convicted in Florida state court of possession of cocaine with intent to sell or deliver;

(3) On or about August 9, 1999, Petitioner was convicted in Florida state court of possession of cocaine with intent to sell within twenty feet of real property comprising a public housing facility; and

(4) On or about June 1, 1998, Petitioner was convicted in Florida state court of possession of cocaine.  (CR Doc. No. 17).

The state court convictions listed in the § 851 information and notice constituted prior felony drug convictions, any one of which gave rise to enhanced penalties pursuant to 21 U.S.C. § 841(b)(1). The enhanced penalties provided for a mandatory minimum term of imprisonment of ten years (120 months), and a maximum term of life imprisonment as to Count One.

Petitioner executed a plea agreement in which he acknowledged that he was facing a mandatory minimum sentence of ten years imprisonment for Count One and a mandatory minimum consecutive five years imprisonment for Count Two. (CR Doc. No. 19 at 2).

On February 28, 2013, Petitioner pled guilty pursuant to a plea agreement to Counts One and Two of the indictment. (CR Doc. Nos. 26, 30, 49). At the change of plea hearing, the Court reviewed with Petitioner the charges he was pleading to and the enhanced penalties (CR Doc. No. 49 at 14-15, 18-21, 38-42), his satisfaction with counsel, (*id*. at 15), the rights he was relinquishing

by pleading guilty (*id*. at 37, 45) and how his sentence would be calculated (*id*. at 38-42, 43-44). Petitioner acknowledged that because the government had filed an § 851 notice and information to enhance his penalty, Petitioner's sentence would include a ten year mandatory minimum as to Count One. Petitioner acknowledged that he had read and understood the plea agreement (*id*. at 16-17). Petitioner confirmed that he understood and waived his right to appeal for any reason other than his sentence exceeding the applicable guideline ranges, the sentence exceeding the statutory maximum penalty, or an Eighth Amendment violation. (*Id*. at 35-36).

On May 21, 2013, Petitioner was sentenced to 120 months imprisonment on Count One and 60 months imprisonment on Count Two, to run consecutive to Count One, for a total of 180 months imprisonment. The sentence imposed was the mandatory minimum sentence. (CR Doc. Nos. 43, 44, 51). The Court dismissed Count Three of the indictment. Petitioner did not file a direct appeal. On May 19, 2014, Petitioner timely filed this 28 U.S.C. § 2255 motion. (CV Doc. No. 1).

**II.   Discussion**

Petitioner sets forth two grounds for relief in his § 2255 motion. Petitioner argues (1) that his sentence was wrongfully enhanced because his Florida state court drug convictions under section 893.13, Florida Statutes, that were used to enhance his sentence do not meet the *mens rea* element found in 21 U.S.C. § 841(a)(1) of the Federal Controlled Substance Act (the "CSA") and (2) his counsel was ineffective due to his failure to recognize this error. As explained below, these arguments have no merit, and as such, Petitioner's § 2255 motion is denied.

**A.   Procedural Default**

Section 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the

United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to a collateral attack. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam).

Generally, a petitioner's challenge to his criminal conviction must first be advanced on direct appeal or else he is procedurally barred from presenting that claim later in a § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). This is so because a § 2255 collateral proceeding is not a substitute for an appeal.

The procedural default rule generally applies to all claims, including constitutional claims. *Id.* Nevertheless, a petitioner may overcome the procedural bar if he meets one of the two exceptions: (1) he must show cause for not raising the claim on direct appeal and that he suffered actual prejudice from the alleged error, *see id.* at 1234-35, or (2) he must show that the failure of the court to hear the merits of his claim would result in a fundamental miscarriage of justice, *see Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). The first exception requires that a petitioner show both components, cause and actual prejudice, to overcome the procedural bar to his § 2255 claim. *Id.* (citations omitted). The second exception, fundamental miscarriage of justice, rarely applies as it requires that a petitioner show that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994) (per curiam). In this case, Petitioner does not argue that he is actually innocent, so the second exception does not apply.

Petitioner argues that his sentence was wrongfully enhanced because the state of Florida felony drug convictions for possession of a controlled substance do not require a *mens rea* that the substance was a controlled substance whereas the CSA requires such a *mens rea*. Petitioner relies on *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013) and *Descamps v. United States*, 133 S.Ct. 2276 (2013) in arguing that his sentence was wrongfully enhanced. (CV Doc. No. 1).

Generally, a claim that was previously available, yet was not raised in a prior proceeding, is procedurally defaulted and barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622-24 (1998). Because Petitioner did not raise this argument at the trial level or on direct appeal, it is subject to procedural default. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Petitioner must produce "some objective factor external to the defense" that impeded his efforts to raise the issue previously, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), as well as show that the error he alleges "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170 (emphasis in original). The Supreme Court has articulated this standard as being a "significantly higher hurdle" than the plain-error standard applicable to forfeited claims raised first on direct appeal. *Frady*, 456 U.S. at 166.

The question to be asked in a procedural default case is "whether at the time of the direct appeal the claim was available at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986). Petitioner's claim is that his counsel was deficient for failing to raise the argument that his sentence was wrongfully enhanced. (CV Doc. No. 1 at 5). *Moncrieffe* was decided before Petitioner's sentencing, thus was available to him at that time. There is no other *external* impediment proposed by Petitioner. Because such a challenge was reasonably available to him at the time of his

5

conviction, Petitioner cannot demonstrate cause for failing to raise the issue on direct appeal, and he is procedurally barred from raising it now. *See McCoy*, 266 F.3d at 1259.

The same argument applies to Petitioner's claim under *Descamps*, 133 S.Ct. 2276. Although *Descamps* was decided just after Petitioner's conviction, it did not set forth a new rule or newly recognized right applicable to Petitioner that was not available to him previously. Rather, the Supreme Court in *Descamps* clarified the law about how to determine whether a prior conviction is a violent felony. *See Parrish v. United States*, No. 8:14-cv-1122-T-30EAJ, 2014 WL 5039537 at *1-2 (M.D. Fla. 2014).

Prejudice is the next element that must be established to defeat a procedural default. *See Frady*, 456 U.S. at 170. Petitioner has the burden of showing more than the mere possibility of prejudice, but that the errors actually and substantially disadvantaged him and "infected his entire trial with error of constitutional dimensions." *Id*. The government followed the procedural requirements of 21 U.S.C. § 851, which included (1) filing of the enhancement notice prior to the change of plea; (2) providing the opportunity for defense counsel to challenge the enhancement. Petitioner was given every opportunity to challenge the enhancement but did not.

Even if Petitioner's counsel had argued that the sentence was wrongfully enhanced due to the missing intent requirement in the Florida state drug statute, the argument would have failed. If Petitioner's counsel had been able to use *Moncrieffe* and/or *Descamps*, neither would have had an effect on the sentence. According to 21 U.S.C. § 802(44), "[t]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." This would include a

conviction under Section 893.13, Florida Statutes, and would be all that is required to enhance the sentence according to *U.S. v. Jones*, 559 F.3d 831 (8th Cir. 2009).

A recent decision of the Eleventh Circuit is on point. In *Spencer v. United States*, No. 10-10676, 2014 WL 6234529 (11th Cir. Nov. 14, 2014), the defendant pled guilty in federal court to distributing cocaine. *Id.* at *1. The defendant had previously pled guilty to a number of crimes in both state and federal court. Based on the defendant's prior convictions (for selling cocaine and felony child abuse), the district court concluded that the defendant was a career offender under the guidelines and sentenced him as such. The defendant challenged his classification as a career offender and the enhanced sentence based on that classification, arguing that his sentence resulted in a misapplication of the advisory guidelines and a complete miscarriage of justice. The Eleventh Circuit found that it lacked the authority to provide relief to the defendant and held that the district court's misapplication of the career offender guidelines to the defendant's conviction for distribution of cocaine did not result in a "complete miscarriage of justice" since the guidelines are advisory, the defendant did not claim he was actually innocent of the crime, and the defendant did not allege that any of his prior convictions had been vacated. *Id.* at *6. Even if the defendant were not a career offender, his sentence was lawful. "Any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory." *Id.*

The *Spencer* court noted that both the Seventh and Eighth Circuits have held that federal courts lack the power to provide relief to a prisoner on the ground that he was misclassified as a career offender, because that error does not make his sentence unlawful. *Id.* at *7 (citing *Hawkins v. United States*, 706 F.3d 820, 825 (7th Cir. 2013); *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc)). Moreover, the defendant's prior convictions had not been vacated. *Id.* at *10. When a conviction is vacated, that constitutes a new fact with which a petitioner may

challenge his sentence. The defendant in *Spencer*, however, presented no factual basis for reversing his sentence instead arguing that he was legally innocent. The Eleventh Circuit stated that "even if [the court] were to agree with [the defendant] that he is 'innocent' as a career offender, that *legal* innocence falls far short of *factual* innocence." *Id.* (emphasis in original). *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) ("[A]ctual innocence means *factual* innocence, not mere legal insufficiency." (quotation marks omitted)).

*Spencer* is instructive as to this case. Petitioner collaterally attacks his sentence by arguing that the sentence enhancement for his prior drug convictions was improper. However, as in *Spencer*, Petitioner does not claim that he is *factually* innocent. Nor does he assert that any of his prior drug convictions used to enhance his sentence have been vacated. Finally, "[a]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory." *Spencer*, 2014 WL 6234529, at *6.

Accordingly, this Court finds that Petitioner has not met his burden as he has failed to demonstrate the necessary cause and actual prejudice required to defeat a procedural default. Petitioner does not claim that he is actually innocent of the offenses for which he has been convicted. There has been no miscarriage of justice. Thus, Petitioners claims are procedurally defaulted.

### B. Merits

Petitioner relies on *Moncrieffe* and *Descamps* for the proposition that his prior state of Florida drug convictions do not meet the *mens rea* element found within the Controlled Substances Act, 21 U.S.C. § 841(a)(1), and therefore, his enhanced sentence should be vacated.

*Moncrieffe* does not apply to this case. *See, e.g. Ferguson v. United States*, Case No. CR408-089, 2014 WL 105022, at *1 (S.D. Ga. Jan. 9, 2014) (finding that *Moncrieffe* did not apply

to petitioner's § 2255 claims). In *Moncrieffe*, the Supreme Court addressed whether a Georgia conviction for possession of marijuana with the intent to distribute constituted an aggravated felony for drug trafficking under the Immigration and Nationality Act (the "INA"). Thus, Petitioner's reliance on *Moncrieffe* is misplaced. *Moncrieffe* did not interpret "felony drug offense" under § 841(b)(1)(B) and has no application in this case for purposes of determining whether a statutory enhancement was appropriate.

Rather, Title 21, United States Code, section 802(44) provides the exclusive definition of a "felony drug offense." *Burgess v. United States*, 553 U.S. 124 (2008). Specifically, a "felony drug offense" for purposes of enhanced penalties pursuant to § 841(b)(1)(B) is defined as an offense "punishable by imprisonment for more than one year under any law of the United States or of a State...." 21 U.S.C. § 802(44). *Moncrieffe* does not apply to a controlled substance offense under the sentencing guidelines. *Ferguson*, 2014 WL 105022, at *1.

Here, although there may be a *mens rea* requirement under the CSA that is not present under the Florida drug statute, the acts which Petitioner committed are all felonies under the CSA. There is no corresponding provision under which the previous convictions could be considered misdemeanors and the act itself is prohibited by the CSA. Petitioner was convicted of four state felony drug crimes, none of which have been vacated.

Petitioner also relies on *Descamps* claiming that it states a new rule of law. *Descamps* discussed the categorical approach in analyzing violent felonies, and its modified counterpart, explaining that the categorical approach was to be used in determining whether a prior felony was considered a violent felony allowing for enhancement under the Armed Career Criminal Act. 133 S.Ct. 2276. The Court stated that this was not a new rule, because "caselaw explaining the categorical approach and its 'modified' counterpart all but resolve this case." *Id*. at 2283. This

9

Court has held that not only did *Descamps* not create a newly recognized right, but that *Descamps* was not made retroactive by the United States Supreme Court. *Parrish*, 2014 WL 5039537 at *1-2.

Even though Petitioner was given every opportunity to challenge the § 851 information, and did not, his challenge would not have been successful. Section 851 clearly permits "the use of a simple drug possession conviction, as long as it is a felony, for enhancement" purposes. *U.S. v. Jones*, 559 F.3d 831 (8th Cir. 2009). Therefore, even if Petitioner had challenged the § 851 information, he would not have prevailed.

In addition, under § 851 a defendant is barred from challenging a previous conviction that occurred five years prior to sentencing unless the conviction was uncounseled or vacated. 21 U.S.C. §851(e). All of Petitioners prior state of Florida drug crimes occurred more than five years prior to the crimes in the instant indictment. Petitioner has not shown that any of the prior convictions used to enhance his sentence under 21 U.S.C. § 851 were uncounseled or vacated.

Petitioner's claims fail on the merits.

### C. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed… by the Sixth Amendment." *Id*. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id*.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Under the first prong of the test, reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id*. at 690. The movant carries a heavy burden, as reviewing courts "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id*. at 689.

Simply showing that counsel erred is insufficient under this test. *See id*. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. *See id*. at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *See id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

In this case, Petitioner argues that his counsel should have been aware of the case law available to him regarding sentence enhancements and should have challenged the enhancement of his sentence upon receiving the government's § 851 information and notice of prior convictions. (CV Doc. No. 1 at 5). As discussed above, there is no merit to the argument that the Florida drug convictions were wrongly used to enhance Petitioner's sentence. Moreover, the case law Petitioner claims his counsel should have been aware of would not have affected the sentence enhancement. Therefore, even had Petitioner's counsel contested the use of the prior state drug convictions to enhance Petitioner's sentence, the argument would have failed.

Petitioner has not shown that there was any error on the part of his counsel, nor has he shown prejudice. Therefore, Petitioner's ineffective assistance of counsel claim is denied.

**III.     Conclusion**

Accordingly for the reasons stated above, Petitioner's § 2255 motion is **DENIED**. The Clerk is directed close the civil case and enter judgment in favor of the United States.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 355-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of November, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner